# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

DAWN MCINTURFF,

                Plaintiff,

      v.

KILOLO KIJAKAZI,[1]
Acting Commissioner of the Social Security Administration,

                Defendant.

Case No. 5:20-cv-00004-TMB

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO SOCIAL SECURITY ACT SECTION 206(b)**

Plaintiff Dawn McInturff, by her attorney, moves the Court for an award to be paid pursuant to the Social Security Act (the "Act") Section 206(b) and 42 U.S. 406(b).[2] Hannalore B. Merritt, of Osterhout Berger Disability Law, LLC, is petitioning the Court on behalf of Plaintiff's attorney, the estate of Paul B. Eaglin (deceased).[3] Defendant Kilolo Kijakazi (the "Commissioner") does not oppose Plaintiff's fee request.[4] Accordingly, and for the reasons that follow, Plaintiff's Motion for Attorney Fees Pursuant to Section 206(b) of the Act is **GRANTED**.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 42 U.S.C. 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of the Commissioner of Social Security or any vacancy in such office.").

[2] Docket 29 (Mtn. for Att'y Fees).

[3] Dockets 29, 29-1.

[4] Docket 30 (Response and Non-Opposition).

## BACKGROUND

Plaintiff initiated this action on April 27, 2020, after exhausting her administrative remedies.[5] On March 6, 2021, the Court remanded this action for further proceedings, under the fourth sentence of *42 U.S.C. § 405(g)*.[6] Plaintiff subsequently prevailed on remand.[7] On August 28, 2022, the Social Security Administration issued a Notice of Change in Benefits with a calculation of 25 percent of past due benefits withheld to pay a representative.[8] On June 21, 2021, this Court granted Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA").[9] Plaintiff's attorney, Kevin Kerr, was subsequently awarded attorney fees pursuant to Section 406(a) of the Act, as Plaintiff's representative in the administrative proceedings following this Court's order of remand.[10] On April 27, 2023, Plaintiff filed the pending Plaintiff's Motion for Attorney Fees Pursuant to Section 206(b) of the Act.[11]

## DISCUSSION

Under 42 U.S.C. § 406(b), the Court may award a claimant's attorney for "a reasonable fee not in excess of 25 percent of the total of the past-due benefits to which

---

[5] Docket 1.

[6] Docket 22 (Order); Docket 23 (Judgment).

[7] Docket 29 at 2.

[8] Docket 29-2 at 2.

[9] Docket 26.

[10] Docket 29 at 4–5.

[11] Docket 29.

Case No. 5:20-cv-00004, *McInturff v. Kijakazi*
Order
Page 2 of 4
Case 5:20-cv-00004-TMB   Document 31   Filed 05/09/23   Page 2 of 4

the claimant is entitled" for that attorney's representation before the Court.[12] In this case, 25 percent of Plaintiff's past-due benefits is $16,826.53.[13] Attorney fees awarded pursuant to Section 406(a) of the Act, in the amount of $4,770.00, have been deducted from the 25 percent of past-due benefits and paid to Plaintiff's second representative, Kevin Kerr.[14] Therefore, the Court authorizes the remaining amount of the 25 percent past-due benefits, in the amount of $12,056.53, to be paid to the estate of Paul Eaglin for attorney fees payable under Section 406(b) of the Act. Additionally, "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security Benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee."[15] Therefore, Plaintiff's attorney, Hannalore B. Merritt, on behalf of the estate of Paul B. Eaglin, is required to refund Plaintiff the EAJA fee award in the amount of $4,820.50.[16]

## CONCLUSION

For the above stated reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees Pursuant to Section 206(b) of the Act at **Docket 29** in the amount of Twelve

---

[12] 42 U.S.C. § 406(b)(1)(A).

[13] Docket 29 at 2.

[14] Docket 29 at 4–5.

[15] *Culbertson v. Berryhill,* 139 S.Ct. 517, 521 (Jan. 8, 2019); *see Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002)(internal citations omitted).

[16] Docket 26.

Case No. 5:20-cv-00004, *McInturff v. Kijakazi*
Order
Page 3 of 4
Case 5:20-cv-00004-TMB   Document 31   Filed 05/09/23   Page 3 of 4

Thousand Fifty-Six Dollars and Fifty-Three Cents ($12,056.53). The check shall be mailed to: PO. Box 6033, Syracuse, New York 13217. Upon receipt of payment, Plaintiff's attorney, Hannalore B. Merritt, on behalf of the estate of Paul B. Eaglin, shall refund the EAJA fee in the amount of Four Thousand Eight Hundred Twenty Dollars and Fifty Cents ($4,820.50) to Plaintiff.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 9th day of May, 2023.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE